1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY HURST,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JASON GAGNON, SUZANNE GAGNON, and their marital community comprised thereof, and ALL OTHER OCCUPANTS OF PREMISES AT 503 8TH AVENUE NW, PUYALLUP, WASHINGTON 98003-7332,<br><br>　　　　　　　Defendants. | CASE NO. C15-5509 RJB<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REMANDING CASE |

　　　This matter comes before the Court on Walter L. Williams' Application to Proceed *In Forma Pauperis* (Dkt. 1) and on review of the file (Dkt. 1-1 through 1-3). The Court has considered the relevant record and the remainder of the file herein.

　　　On July 23, 2015, Mr. Williams filed a Notice of Removal and an application to proceed *in forma pauperis* (IFP), that is, without paying the filing fee for a civil case. Dkt. 1.

ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS AND
REMANDING CASE- 1

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Application to Proceed IFP.** Mr. Williams states that he is disabled and has no income except $197 in public assistance. Dkt. 1. In his application, he indicates he supports four children at $60.00 per month. *Id.* He states that his monthly expenses are: "rent - $100.00." *Id.*

**Decision on IFP Application.** The application to proceed *in forma pauperis* (Dkt. 1) should be denied. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), (*quoting Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987)). As stated below, the removal of this case is frivolous.

**Review of the Notice of Removal and Attachments.** The Court has carefully reviewed the Notice of Removal and attachments in this matter. Because Mr. Williams filed this case *pro se*, the Court has construed the pleadings liberally and has afforded Mr. Williams the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

*Notice of Removal.* The Notice of Removal indicates that this case was originally filed in Pierce County Washington Superior Court as an Unlawful Detainer action. Dkt. 1-2. The Notice of Removal was filed by Mr. Williams, who identifies himself as a tenant in the home, although he was not specifically named in the Pierce County Washington Superior Court case. Dkt. 1-1.

Mr. Williams asserts that removal is proper because this Court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.  Dkt. 1-1.  The pleadings, however, indicate Mr. Williams is a citizen of Washington State. *Id*.  Mr. Williams indicates that Defendants are also Washington citizens. *Id*.  Mr. Williams states that jurisdiction also exists under 28 U.S.C. §1331, because the Plaintiff in the underlying unlawful detainer action "is attempting to hold the defendant to a contract in connection with an unlawful sale, perpetuation and in collusion with violation of . . . 42 USC, 1983 [sic] et seq. and 18 USC, Sec 1964 [sic] as well as the Constitution of the United States and in particular the 7th amendment "as this is a 'suit at common law.'" *Id.*, at 3.

The Court notes that in 2012, two of the named defendants here, Jason and Suzanne Gagnon, filed a case in this court in an attempt to stop foreclosure of the residential property at issue in this case.  *Gagnon v. Wells Fargo Home Mortgage,* Western District of Washington case number C12-5501 RJB.  They asserted violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*., the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* and the Telemarketing and Consumer Fraud and Abuse Prevention Action, 15 U.S.C. § 6101 *et seq*. *Id.*, at Dkt. 1.  Their case was dismissed with prejudice by stipulation of the parties. *Id.,* at Dkt. 38.

This case was filed on July 15, 2015.  Dkt. 1-2.  The Complaint for Unlawful Detainer indicates that the Plaintiff, Ray Hurst, purchased the subject property at a trustee's sale and that the Defendants have not yet vacated the property.  *Id.*

*Removal.* Removal of a case from a state court to a United States District Court is governed by the provisions of 28 U.S.C. §§ 1441 and 1446, which provide, in relevant part, as follows:

> Except as otherwise expressly provided by Act of congress, any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorts.

28 U.S.C. § 1446.

The usual rule is that all defendants in an action in a state court must join in a petition for removal. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 393 (1998); *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Ely Valley Mines, Inc., v. Hartford*, 644 F.2d 1310, 1314 (9th Cir.1981). The rule of unanimity does not apply to nominal, unknown or fraudulently joined parties, *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir.1988).

**Decision on Removal**. The notice of removal is deficient.

First, Mr. Williams is not a named party in the underlying action, nor has he moved to intervene. Second, not all defendants in the state court action joined in the removal. Dkt. 1. Third, the Notice of Removal does not adequately demonstrate that the court has subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Lance v. Coffman,* 549 U.S. 437, 439 (2007). Their subject matter jurisdiction is limited to cases involving federal questions, 28 U.S.C. § 1331, and cases involving people from diverse states, 28 U.S.C. § 1332. Subject matter jurisdiction must exist before a federal court can proceed to the merits of a case. *Lance,* at 439. Plaintiffs bear the burden of establishing subject matter jurisdiction exists at the time the case was filed. *Kikkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

Mr. Williams has not shown that this Court has federal question jurisdiction. The documents filed in this matter, including the documents filed along with the Notice of Removal, show that this is a case involving state law. The court has no jurisdiction over state law claims. Even if the complaint could be interpreted as raising a defense under federal law, an interpretation that is tenuous at best, such a defense would not confer federal jurisdiction. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Further, Mr. Williams' Notice of Removal fails to show that this Court has diversity jurisdiction. Mr. Williams indicates that he is a citizen of Washington State and as are all other parties in the case. There is no showing that the amount in controversy is over $75,000.

This removal is frivolous. The case should be remanded to Pierce County, Washington Superior Court. Mr. Hurst's Motions for Remand (Dkts. 4 and 7) should be stricken as moot.

**IFP on Appeal.** In the event that Mr. Williams appeals this order, and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Mr. Williams to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

**Future filings**. Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the Court.

Therefore, it is hereby **ORDERED** that:

- Mr. Williams' Application to Proceed *In Forma Pauperis* (Dkt. 1) is **DENIED**.
- This case is **REMANDED** to Pierce County, Washington Superior Court.
- In the event that Mr. Williams appeals this order, IFP status is **DENIED** by this court, without prejudice to Mr. Williams to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.*
- Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the court.
- The Pending Motions to Remand (Dkts. 4 and 7) are stricken as moot.

//

/

1     The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3     Dated this 27th day of August, 2015.

                                          ROBERT J. BRYAN
                                          United States District Judge

ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS AND
REMANDING CASE- 7